**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**JUSTIN CLAYTON,** Civil File No. 00-2423 (MJD/JGL)

Plaintiff,

v. **ORDER**

**BEST BUY CO., INC. d/b/a Redline Entertainment,**

Defendant.

---

APPEARANCES

Benjamin F. Gallagher, Esq., and Heidi Brownlee, Esq., for Plaintiff.

Christopher W. Madel, Esq., for Defendant.

---

JONATHAN LEBEDOFF, United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on April 30, 2001 on Defendant's Motion for a Protective Order Regulating Disclosure of Confidential Documents and to Compel (Doc. No. 11); Defendant's Motion to Compel Discovery from Plaintiff Justin Clayton (Doc. No. 15); and Defendant's Motion for Protective Order Staying the Depositions of Redline Entertainment's Employees (Doc. No. 19). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED MAY 0 1 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD

At the motion hearing, the parties agreed that Defendant's first motion was moot. The parties have entered into a stipulated protective order, alleviating the confidentiality concerns, and Plaintiff has agreed to supplement his discovery responses.

**Defendant's Motion to Compel Discovery from Plaintiff Justin Clayton**

Defendant Best Buy served its first set of requests for production of documents and interrogatories on Plaintiff Justin Clayton on January 30, 2001. Plaintiff objected to numerous interrogatories and requests on the grounds of attorney-client privilege, work product, and confidentiality. However, Plaintiff represented at the hearing that he is willing to supplement his answers without such objections now that the protective order is in place, and Defendant was agreeable to this proposition. Plaintiff also objected to certain requests on the grounds of overbreadth, and in Plaintiff's memorandum, he claimed his answers conformed to the requirements of notice pleading. However, the standard for producing discovery is much more broad than that for notice pleading, and Plaintiff is not entitled to rely on this argument. Thus, the Court orders Plaintiff to fully respond to Defendant's discovery requests.

Defendant also asks that Plaintiff be prohibited from referring to unspecified documents in his answers to interrogatories. Federal Rule of Civil Procedure 33(d) requires a party to provide "sufficient detail to permit the

interrogating party to locate and to identify . . . the records from which the answer may be ascertained." Accordingly, for each response in which Plaintiff claims that several documents pertain to the agreements at issue, Plaintiff is ordered to supplement the response and specify precisely what constitutes the relevant information. Plaintiff is further advised that he may not suggest that Defendant take his deposition in lieu of answering the interrogatories. Finally, Plaintiff must supplement his responses to the interrogatories and document requests as soon as possible, but no later than Wednesday, May 30, 2001.

**Defendant's Motion for a Protective Order Staying the Depositions of Redline Entertainment's Employees**

Defendant seeks an order staying the depositions of Redline Entertainment employees until Plaintiff substantively responds to and supplements previous responses to Defendant's discovery requests. The Court so orders, and all depositions of Redline employees are stayed until May 31, 2001, by which time Plaintiff must substantively respond to discovery requests.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

(1) Defendant's Motion for a Protective Order Regulating Disclosure of Confidential Documents and to Compel (Doc. No. 11) is **DENIED AS MOOT**;

(2) Defendant's Motion to Compel Discovery from Plaintiff Justin Clayton (Doc. No. 15) is **GRANTED** as set forth fully in this Order; and

(3) Defendant's Motion for Protective Order Staying the Depositions of Redline Entertainment's Employees (Doc. No. 19) is **GRANTED**.

Dated: May 1, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge